WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araceli Gonzalez and Mario E. Gonzalez, | No. CV-12-02305-PHX-JAT |
| Plaintiffs, | **ORDER** |
| v. | |
| BAC Home Loans Servicing, LP and ReconTrust Company, N.A., | |
| Defendants. | |

Pending before the Court are: Defendants' Motion to Dismiss Complaint (Doc. 7) and Plaintiffs' Motion for Default Judgment as to ReconTrust Company, N.A. (Doc. 8). The Court now rules on the Motions.

I.     **BACKGROUND**

Plaintiff Araceli Gonzalez borrowed $279,000 from America's Wholesale Lender to finance the purchase of real property located at 7931 W. Pomo Street, Phoenix, Arizona (the "Property").  (Doc. 1-2 at 2 and Doc.7-1).  An Adjustable Rate Note (the "Note") evidences the Loan.  (Doc. 7-1 at Exhibit A).[1]  A Deed of Trust dated June 23, 2006 (the "Deed") secures the Loan.  (Doc. 7-1 at Exhibit B).[2]

_____

[1]  The Court may consider the Note without converting the Motion to a motion for summary judgment because the Plaintiffs reference and necessarily rely on the Note in their Complaint and do not dispute its authenticity, even though they did not attach the Note as an exhibit to the Complaint.  *Coto Settlement v. Eisenberg,* 593 F.3d 1031, 1038 (9th Cir. 2010).

[2]  The Court can take judicial notice of matters of public record, such as the Deed,

1    The Deed lists Defendant Mortgage Electronic Registration Systems, Inc.

2    ("MERS") as beneficiary and nominee for America's Wholesale Lender and its

3    successors and assigns. (*Id.*). The Deed lists the trustee as Fidelity National Title

4    Company. (*Id.*).

5        Plaintiff Araceli Gonzalez does not allege that she was current on the loan and

6    does not deny Defendants' assertions that she defaulted on the Loan.

7        On October 6, 2009, MERS recorded a Corporate Assignment of Deed of Trust

8    granting Deutsche Bank National Trust Company all beneficial interest under the Deed of

9    Trust. (Doc. 7-1 at Exhibit C). On October 6, 2009, Deutsche Bank National Trust

10   Company recorded a Substitution of Trustee naming Defendant ReconTrust Company,

11   N.A. as successor trustee on the Deed. (*Id.* at Exhibit D). On June 6, 2011, Deutsche

12   Bank National Trust Company recorded a Corporate Assignment of Deed of Trust

13   granting all beneficial interest under the Deed of Trust to Defendant BAC Home Loans

14   Servicing, LP. (*Id.* at Exhibit E). On June 7, 2011, Defendant ReconTrust Company

15   N.A. recorded a Notice of Trustee's Sale of the Property. (*Id.* at Exhibit F). The sale has

16   not yet occurred.

17       On July 1, 2011, Defendant BAC Home Loans Servicing, LP merged with and

18   into Bank of America, N.A. and, on November 2, 2011, Deutsche Bank National Trust

19   Company assigned all beneficial interest under the Deed of Trust to Bank of America,

20   N.A. as successor by merger to BAC Home Loans Servicing, LP. (*Id.* at Exhibit G).

21       In their Complaint, Plaintiffs assert two causes of action. The First Cause of

22   Action is entitled: "For Injunctive Relief Against Mistake and Erroneous Foreclose [sic]"

23   (Doc. 1-2 at 2). The Second Cause of Action is entitled: "Quiet Title Against all

24   Defendants." Defendants now move to Dismiss both counts of the Complaint pursuant to

25   Federal Rule of Civil Procedure 12(b)(6).[3]

26   _____

27   and therefore can consider the Deed and other public filings on a motion to dismiss. *Id.*

28       [3] After Defendants filed their Reply in Support of their Motion to Dismiss,
     Plaintiffs filed a document, which they titled "Memorandum in Support of Plaintiffs'

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*  (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level.  *Id.*

Rule 8's pleading standard demands more than "an unadorned, the-defendant unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than blanket assertions will not suffice.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  *Id.*  Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Id.*  Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully.  *Id.*  "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Id.*  (quoting *Twombly*, 550 U.S. at 557).  Because Plaintiffs are proceeding *pro se*, the Court must construe their

Reply to Motion to Dismiss Complaint" (Doc. 12), which the Court construes as an attempt to file an unauthorized sur-reply.  Such replies are not permitted under the Federal Rules of Civil Procedure or the Court's Local Rules.  In light of Plaintiffs' pro se status and because Defendants have not objected or moved to strike the sur-reply, the Court has nonetheless considered the additional material in the sur-reply and finds that it does not change the outcome in this case.

1   Complaint liberally, even when evaluating it under the *Iqbal* standard.  *Johnson v. Lucent*

2   *Technologies Inc.,* 653 F.3d 1000, 1011 (9th Cir. 2011).

3        In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the

4   facts alleged in a complaint in the light most favorable to the drafter of the complaint, and

5   the Court must accept all well-pleaded factual allegations as true.  *Shwarz v. United*

6   *States,* 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to accept

7   as true a legal conclusion couched as a factual allegation, *Papasan,* 478 U.S. at 286, or an

8   allegation that contradicts facts that may be judicially noticed by the Court, *Shwarz,* 234

9   F.3d at 435.

10       **III.    ANALYSIS**

11            **A.    Request for Entry of Default Judgment against ReconTrust**

12       On November 6, 2012, Plaintiffs filed a Motion for Default Judgment, requesting

13   that the Court enter default judgment against Defendant ReconTrust Company, N.A.

14   Plaintiffs argue that the basis for the default judgment is that Defendant never responded

15   to the Complaint.  (*See* Doc. 8).  However, on November 5, 2012, Defendants BAC

16   Home Loans Services LP and ReconTrust Company, N.A. filed a Motion to Dismiss the

17   Complaint.  Accordingly, because Defendant ReconTrust Company, N.A. has appeared

18   to defend itself in this case, Plaintiffs are not entitled to default judgment against it and

19   the Motion for Default Judgment is denied.

20            **B.    The Motion to Dismiss**

21       Defendants argue that Plaintiffs' Complaint should be dismissed because Plaintiffs

22   have failed to state a claim upon which relief can be granted and Plaintiffs have failed to

23   plead plausible facts supporting an entitlement to any claim for relief.

24       Defendants argue that Plaintiffs' first cause of action "For Injunctive Relief

25   Against Mistake and Erroneous Foreclose [sic]" should be dismissed because it is based

26   on a theory that Defendants must prove that they have the right to enforce the deed of

27   trust before selling the Property at a Trustee's sale.  Defendants argue that this claim fails

28   because Arizona's statutory scheme regarding non-judicial foreclosures does not require

1    Defendants to prove that they have a right to enforce the deed of trust or the underlying

2    note before commencing a non-judicial foreclosure.

3          In their first cause to action, Plaintiffs allege that Defendant BAC Home Loans

4    Servicing, LLP ("BAC") lacks jurisdiction and standing to enforce the rights of the

5    contract in this case.  (Doc. 1-2 at 2).  This argument appears to be based on Plaintiffs'

6    allegation that Deutsche Bank National Trust Company "Deutsch" is not "chartered or

7    incorporated or otherwise created under the laws of the State of New York."  (Doc. 1-2 at

8    3).  Plaintiffs contend that, because BAC is not chartered or incorporated in the State of

9    New York, it does not possess "legal personhood" and therefore "[t]he assignment or sale

10   of debt instruments to such an entity . . . is invalid" because a non-existent entity could

11   have conveyed "no rights of ownership of the assigned Deed of Trust" to BAC.  (Doc. 1-

12   2 at 3).

13         Assuming the truth of Plaintiffs' allegation that Deutsche Bank National Trust

14   Company is not chartered or incorporated or otherwise created under the laws of the State

15   of New York, does not lead the Court to conclude that Deutsche Bank is a non-existent

16   entity.  Plaintiffs' allegation that Deutsch Bank National Trust Company does not exist

17   lacks plausibility and adequately-pled facts sufficient to survive *Twombly*.

18         Plaintiffs also challenge the October 2009 assignment from MERS to Deutsche

19   Bank National Trust Company, as Trustee on Behalf of HSI Asset Securitization

20   Corporation Trust 2006-HEI because HSI Asset Securitization Corporation Trust 2006-

21   HEI "is legally dormant or dissolved or has never been legally created under the law and

22   can not [sic] be an in personam holder of these debt instruments."  (Doc. 1-2 at 5).

23   Again, these allegations lack plausibility and adequately-pled facts sufficient to survive

24   *Twombly*.  To the extent that Plaintiffs are attempting to challenge the fact that the Deed

25   of Trust was assigned to a mortgage-backed security, Plaintiffs have "cited no authority

26   for the assertion that securitization has had any impact on [Plaintiffs'] obligations under

27   the loan" and Plaintiffs have failed to state a claim upon which relief can be granted

28   based upon such securitization.  *Henkels v. J.P. Morgan Chase*, No. CV 11-0299-PHX-

JAT, 2011 WL 2357874, at 7 (D. Ariz. June 14, 2011) (internal citations omitted).

Plaintiffs next allege that the assignment from MERS to Deutsche Bank National Trust Company was defective because Robert White, who signed the Assignment as Corporate Secretary of MERS may not have had the authority to sign on behalf of MERS because "Plaintiff has no knowledge that Robert White" had such authority.  (Doc. 1-2 at 10).  Accepting as true Plaintiffs' allegation that they lack knowledge as to whether or not Robert White is a proper agent of MERS, such allegation does not plausibly support Plaintiffs' legal conclusion that the assignment from MERS to Deutsche Bank National Trust Company was invalid.  There are no well-pled facts in the Complaint indicating that Robert White was not an agent of MERS without authority to execute the assignment.

Plaintiffs make similar allegations regarding the June 2011 Corporate Assignment from Deutsche Bank National Trust Company to BAC Home Loans Servicing, LP. Specifically, Plaintiffs allege that they cannot ascertain whether David M. Gregory, who signed the assignment on behalf of Deutsche Bank, was an employee of Deutsche Bank. (Doc. 1-2 at 11).  Again, these allegations appear to be based on mere speculation and are not supported by well-pled facts.

Plaintiffs next allege that "MERS is legally precluded from assigning the deed of trust for want of ownership of the note, and cannot assign the note in any event as it never owned it."  (Doc. 1-2 at 14).  In this case, MERS was listed as the beneficiary and nominee of the lender in the Deed of Trust that Plaintiff Araceli Gonzalez signed.  "By signing the deed[] of trust, [Plaintiff] agree to the terms and [was] on notice of the contents."  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) (internal citation omitted).  MERS is a beneficiary under the Deed of Trust and can act as an agent of the lender.  *See id.* (stating that "notes and deeds are not irreparably split: the split only renders the mortgage unenforceable if MERS or the trustee, as nominal holders, are not agents of the lenders.").  This court has continuously rejected the argument that "as Lenders nominee, MERS cannot act as lender's agent."  *See, e.g., In re*

*Mortgage Elec. Registration Sys. (MERS) Litig.,* MDL 09–2119–PHX–JAT, 2012 WL 1912133, at *3 (D. Ariz. May 25, 2012) (quoting *Bean v. BAC Home Loans Servicing, L.P.,* No CV 11–553–PHX–GMS, 2012 WL 171435, at *1–2 (D. Ariz. Jan.20, 2012)) (citation omitted).  As such, Plaintiffs' allegation that "MERS is legally precluded from assigning the deed of trust for want of ownership of the note, and cannot assign the note in any event as it never owned it" is not a proper statement of the law and fails to state a claim upon which relief can be granted.

Plaintiffs allege that "pursuant to these facts[,] Plaintiff [sic] demands the right to have produced for the Court the original Mortgage and Promissory Note for examination by the Plaintiff and the Court . . ."  As explained above, Plaintiffs have failed to state a claim upon which relief can be granted related to the assignments of the deed of trust in this case and have not demonstrated that they are entitled to have Defendants demonstrate their rights under the note and/or Deed of Trust before a non-judicial foreclosure may proceed.  Further, "[n]othing in the non-judicial foreclosure statutes . . . imposes such an obligation." *Hogan v. Washington Mutual Bank, N.A.*, 277 P.3d 781, 783 (Ariz. 2012).  As such, Plaintiffs have failed to state a claim upon which relief can be granted in their first claim for relief and such claim will be dismissed.

Defendants argue that the second cause of action alleged in Plaintiffs' complaint for quiet title should be dismissed because Arizona law requires that Plaintiffs file a verified complaint, and the complaint in this case is not verified.  Defendants further argue that, to succeed on a claim for quiet title, Plaintiffs must allege that they have or will pay off any lien on the Property.

Indeed, pursuant to Arizona law, plaintiffs cannot bring a quiet title action under Arizona Revised Statutes § 12–1101 unless they have paid off their loan in full.  *Farrell v. West,* 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941); *Daghlan v. TBI Mortgage Co.*, No. CV-12-01415-PHX-NVW, 2013 WL 179452, at *9 (D. Ariz. Jan. 17, 2013).  "[A] suit to quiet title is of equitable cognizance and in order to invoke equity one must do equity." *Belfer v. Lewis,* 281 P.2d 794, 796 (1955).  Plaintiffs have not alleged that they have paid

off their loan.  Rather, their theory of entitlement to quiet title appears to be based on the failed claims discussed above.  Accordingly, Plaintiffs have failed to state a claim upon which relief can be granted for quiet title.

## IV.    LEAVE TO AMEND

In Response to the Motion to Dismiss, Plaintiffs request leave to amend "where the court deems necessary."  (Doc. 10 at 20).  Plaintiffs did not exercise their right to amend within twenty-one days of the responsive pleading pursuant to Federal Rule of Civil Procedure 15 and have not provided the Court with any information regarding a proposed amendment, including the proposed pleading itself as required by LRCiv 15.1.  Further, when a plaintiff requests leave to amend, the Court must consider the following factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint.  *Western Shoshone Nat. Council v. Molini,* 951 F.2d 200, 204 (9th Cir.1991).  Because Plaintiffs' claims depend on legal theories that have repeatedly been rejected by Arizona state courts and this Court, and in light of the foregoing analysis, the Court finds that Plaintiffs' Complaint could not be cured by allegations of other facts and, thus, allowing Plaintiffs to amend their Complaint would be futile.  Accordingly, Plaintiffs' request for leave to amend their Complaint is denied.

## V.    CONCLUSION

Based on the foregoing,

**IT IS ORDERED** Defendants' Motion to Dismiss Complaint (Doc. 7) is granted.  The Clerk of the Court shall enter judgment in favor of Defendants accordingly.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Judgment as to ReconTrust Company, N.A. (Doc. 8) is denied.

Dated this 15th day of March, 2013.

James A. Teilborg
Senior United States District Judge