WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Araceli Gonzalez; Mario E. Gonzalez,<br><br>        Plaintiffs,<br><br>vs.<br><br>BAC Home Loans Servicing, LP;<br>ReconTrust Company, N.A.,<br><br>        Defendants. | No. CV-12-02305-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Vacate Dismissal and for a New Trial (Doc. 21). The Court now rules on the Motion.

**I.     BACKGROUND**

On September 25, 2012, Plaintiffs filed a Complaint against Defendants alleging two causes of action, which they entitled "For Injunctive Relief Against Mistake and Erroneous Foreclose [sic]" and "Quiet Title Against all Defendants" (Doc. 1-2 at 2). On November 5, 2012, Defendants moved to Dismiss both counts of the Complaint. The motion was granted on March 15, 2013. Plaintiffs now move for Reconsideration pursuant to Federal Rule of Civil Procedure 60(b).

The basis for Plaintiffs' Motion for Reconsideration appears to be that the Court

misunderstood their Complaint.[1] Specifically, Plaintiffs argue that their Complaint alleged that HSI Asset Securitization Corporation Trust 2006-HEI is not a legal entity, that Robert White lacked authority to act on behalf of MERS, and that David M. Gregory lacked authority to act on behalf of MERS or Deutsche Bank National Trust Company. Plaintiffs argue that the Court erred in granting judgment in favor of Defendants because the Court did not address and/or misunderstood these arguments.

## II.   LEGAL STANDARD

Plaintiffs cite Federal Rules of Civil Procedure 60(b)(1), (4), and (6) in moving for reconsideration. Rule 60(b) states, in relevant part, "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . (6) any other reason that justifies relief."

## III.  ANALYSIS

Despite Plaintiffs' arguments to the contrary, in ruling on the Motion to Dismiss, the Court addressed the issues that Plaintiffs now argue the Court did not address or misunderstood. As such, Plaintiffs' Motion for Reconsideration appears to be an attempt to clarify the allegations made in their original Complaint. Nothing in this "clarification" entitles Plaintiffs to reconsideration of the Court's Order.

Plaintiffs first argue that the Court did not address and/or understand their argument regarding HSI Asset Securitization Corporation Trust 2006-HEI. On page 5 of the Order, however, this Court considered Plaintiffs' allegations that HSI Asset Securitization Corporation Trust 2006-HEI was not incorporated in New York and therefore was not a legal entity capable of holding a deed of trust. This Court found that those allegations "lack[ed] plausibility and adequately-pled facts sufficient to survive *Twombly*." (Doc. 18 at 5). Nothing in Plaintiffs' Motion for Reconsideration changes that conclusion.

---

[1] Plaintiffs' Motion for Reconsideration is prolix and confusing, and largely reasserts the allegations contained in their Complaint. The Court has nonetheless attempted to set forth the apparent basis of Plaintiffs' Motion for Reconsideration.

- 2 -

Plaintiffs next argue that the Court did not address and/or understand their arguments regarding Robert White and David M. Gregory. With regard to Robert White and David M. Gregory, the Court specifically stated:

> Plaintiffs next allege that the assignment from MERS to Deutsche Bank National Trust Company was defective because Robert White, who signed the Assignment as Corporate Secretary of MERS may not have had the authority to sign on behalf of MERS because "Plaintiff has no knowledge that Robert White" had such authority. (Doc. 1-2 at 10). Accepting as true Plaintiffs' allegation that they lack knowledge as to whether or not Robert White is a proper agent of MERS, such allegation does not plausibly support Plaintiffs' legal conclusion that the assignment from MERS to Deutsche Bank National Trust Company was invalid. There are no well-pled facts in the Complaint indicating that Robert White was not an agent of MERS without authority to execute the assignment.
>
> Plaintiffs make similar allegations regarding the June 2011 Corporate Assignment from Deutsche Bank National Trust Company to BAC Home Loans Servicing, LP. Specifically, Plaintiffs allege that they cannot ascertain whether David M. Gregory, who signed the assignment on behalf of Deutsche Bank, was an employee of Deutsche Bank. (Doc. 1-2 at 11). Again, these allegations appear to be based on mere speculation and are not supported by well-pled facts.

(Doc. 18 at 6). Despite Plaintiffs' contentions to the contrary, the Court understood Plaintiffs' allegations that Robert White and David M. Gregory did not have the proper authority to act as they did, but found that those allegations lacked a sufficient factual basis for Plaintiffs' to plausibly state a claim upon which relief could be granted. To the extent that Plaintiffs now seek to add additional allegations, a Motion for Reconsideration is an inappropriate arena for raising such additional allegations. Further, even if the Court did consider Plaintiffs' additional allegations regarding the authority of Robert White and David M. Gregory, Plaintiffs have again pled insufficient facts to plausibly state a claim upon which relief could be granted.

Plaintiffs appear to be moving under Federal Rule of Civil Procedure 60(b)(1) on the basis that the Court was mistaken in its understanding of Plaintiffs' Complaint and issued an erroneous judgment as a result of that mistake. "Rule 60(b) cannot be used as a substitute for an appeal." *McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987) (citing *Benny v. Pipes*,

799 F.2d 489, 494 (9th Cir. 1986)). Plaintiffs' argument that this Court made an erroneous judgment is properly made in an appeal, not in a Rule 60(b) motion. Accordingly, Plaintiffs are not entitled to relief under 60(b)(1).

Rule 60(b)(4) provides relief from void judgments "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). Plaintiffs have not asserted that this Court lacked jurisdiction or that Plaintiffs were in any way deprived of notice or the opportunity to be heard, and, thus, Rule 60(b)(4) is inapplicable here.

To prevail under Rule 60(b)(6), the moving party must demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (*quoting Ackermann v. U.S.*, 340 U.S. 193, 199 (1950)). Plaintiffs have not asserted "extraordinary circumstances" that would justify reconsideration. Therefore, they are not entitled to relief under 60(b)(6).

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** Plaintiffs' Motion to Vacate Dismissal and for a New Trial (Doc. 21) is denied.

DATED this 24th day of June, 2013.

James A. Teilborg
Senior United States District Judge